Electronically FILED by Superior Court of California, County of Riverside on 04/24/2025 10:46 AM
Case Number CVME2504530 0000126901326 - Jason B. Galkin, Executive Officer/Clerk of the Court By Shelley Thompson, Clerk

Alex Farzan (SBN 312771)
**THE LAW OFFICE OF ALEX FARZAN**
10940 Wilshire Blvd., Suite 2010
Los Angeles, CA 90024
(424) 325-3112
(424) 325-6311 fax
Alex@Farzanlaw.com

Attorneys for Plaintiff,
KEVIN SMITH

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| KEVIN SMITH,<br><br>       Plaintiff,<br><br>vs.<br><br>Target Corporation Inc., a corporation; Magnolia Business Ventures, LLC, a limited liability company; and DOES 1 to 10,<br><br>       Defendants. | Case No.:  CVME2504530<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **NEGLIGENCE – PRODUCTS' LIABILITY**<br>2. **STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT**<br>3. **STRICT PRODUCTS LIABILITY – DESIGN DEFECT**<br>4. **STRICT PRODUCTS LIABILITY – FAILURE TO WARN**<br>5. **NEGLIGENCE**<br><br>[*Demand for Jury Trial*] |

Plaintiff KEVIN SMITH ("Plaintiff"), by and through his counsel of record, hereby bring the following Complaint against Target Corporation Inc., Magnolia Business Ventures, LLC, a limited liability company,; and DOES 1 to 10 ("Defendants"), for damages and relief as described below:

1

PLAINTIFF'S COMPLAINT

## INTRODUCTION

1.      This matter arises out of an incident in which a Christmas tree topper manufactured, sold serviced, and/or maintained by Defendant contained a faulty design. Said design defect caused Plaintiff to suffer injuries in his right eye.  Unfortunately, as a direct and proximate result of Defendant's gross disregard for the health, safety, and welfare of Plaintiff, Plaintiff suffered severe injuries from the subject incident. Given the foregoing, Plaintiff seeks compensatory damages for the bodily injuries that he experienced arising from the defect, restoring him to his rightful position.

## THE PARTIES

1.      Plaintiff KEVIN SMITH is an individual who, at all times material to this case, resides in Murrieta, California.

2.      Defendant TARGET CORPORATION, INC. ("TARGET"), a corporation, that has a headquartered address at 1000 Nicollet Mall, Minneapolis, Minnesota, United States. Defendant manufactures, sells, services, maintains, and/or puts into the stream of commerce various home items.  TARGET sold the SUBJECT PRODUCT.

3.      Defendant MAGNOLIA BUSINESS VENTURES, LLC ("MAGNOLIA"), a limited liability company that has a registered address of 6400 Imperial Drive, Waco, Texas 76712. Defendant manufactures, sells, services, maintains, and/or puts into the stream of commerce various home goods. MAGNOLIA manufactured the SUBJECT PRODUCT.

4.      The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sued Defendants by such fictitious names under Code of Civil Procedure § 474.  Plaintiff alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.

2

PLAINTIFF'S COMPLAINT.

## JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in this Court pursuant to Code Civ. Proc. 395(a) because one or more of the defendants reside in, and/or the acts and/or omissions occurred in, the County of Riverside, California.

## FACTUAL BACKGROUND

1. On November 15, 2024, Plaintiff purchased an *"Antique Brass Star Christmas Tree Topper"* Christmas Tree Topper on Defendant TARGET's website (the "SUBJECT PRODUCT").

2. The SUBJECT PRODUCT was sold by Defendant TARGET via TARGET's online e-commerce website.

3. The SUBJECT PRODUCT was manufactured by Defendant MAGNOLIA.

4. Plaintiff purchased the SUBJECT PRODUCT in advance of the Christmas holiday. He sought to decorate the Christmas tree for him and his family with the SUBJECT PRODUCT.

5. The product had a pleasant appearance. However, the brass star portion was too heavy in comparison to the plastic clip that was mounted at the stem of the product, posing a risk of falling and/or tipping over.



6. On December 8, 2024, Plaintiff attempted to install the SUBJECT PRODUCT to the top of his Christmas Tree.

PLAINTIFF'S COMPLAINT

7.    Unbeknownst to Plaintiff, and due to no error on Plaintiff's part, the SUBJECT PRODUCT was not safely fastened to the top of the Christmas Tree because of its faulty design.

8.    Unfortunately, the top portion of the product, comprised of the brass metal star, was too heavy in comparison to the plastic lightweight clip at the bottom of the product, which created a weight imbalance, increasing the likelihood that the product would tip over and/or fall from the top of the Christmas tree.

9.    Furthermore, the clip at the bottom of the product was poorly designed such that it did not reasonably ensure that the product would remain safely fastened to the top of a Christmas tree.

10.    On December 8, 2024, due to the aforementioned defects in the subject product, the subject product fell from the top of the Christmas tree, directly onto Plaintiff's face.

11.    Undoubtably, the defective design and/or other defects in the SUBJECT PRODUCT caused it to suddenly and unexpectedly fall off the Christmas tree and onto Plaintiff's right eye, causing Plaintiff to sustain severe injuries, including an orbital fracture.

12.    Therefore, as a direct and proximate result of the Defendant's defective Christmas tree topper, Plaintiff has suffered in a substantial manner including, but not limited to, pain, suffering, anxiety, psychological trauma, bodily injuries, emotional trauma, among other symptoms.

### FIRST CAUSE OF ACTION

### NEGLIGENCE – PRODUCTS LIABILITY

### (By Plaintiff Against all Defendants)

1.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

2.    Defendant and DOES 1 through 10, inclusive were engaged in the business of designing, manufacturing, testing, inspecting, repairing, modifying, servicing, distributing, wholesaling, importing, preparing for sale, and retailing, various home goods including, but not limited to, the SUBJECT PRODUCT that Plaintiff used, which was involved in the incident upon

4

PLAINTIFF'S COMPLAINT

which this lawsuit is based which legally and proximately caused the injuries and damages to Plaintiff as alleged in this Complaint.

3.    At all times relevant to this Complaint, Defendant and DOES 1 through 10, inclusive, so negligently or otherwise tortuously, designed, manufactured, tested, inspected, repaired, modified, serviced, distributed, wholesaled, imported, stored, prepared for sale and/or retailed and sold, the SUBJECT PRODUCT (or were and are owners of and/or successors in interest to the companies that did these things), and injected the SUBJECT PRODUCT into the stream of commerce within the State of California, so as to cause the SUBJECT PRODUCT to be hazardous, defective and unsafe to persons, including Plaintiff, who would foreseeably be using the SUBJECT PRODUCT in its intended, normal, and foreseeable manner, or would be in the vicinity of such use. Defendants, and each of them, additionally did willfully and negligently damage SUBJECT PRODUCT prior to its sale and/or failed to properly inspect, label, and otherwise prepare it for sale such that at the time of its purchase it was in a dangerous and defective condition for foreseeable users during reasonably foreseeable use. Defendants, and each of them, further willfully and negligently failed to warn foreseeable users, including the Plaintiff, of this dangerous and defective condition of the SUBJECT PRODUCT, all to Plaintiff's injury and damage, according to proof at trial.

4.    Defendants knew, or reasonably should have known that the SUBJECT PRODUCT, and those alike, were dangerous when used or misused in a reasonably foreseeable manner.

5.    Defendants failed to adequately warn of the dangers of the SUBJECT PRODUCT, and those alike, in that the Christmas topper was heavy and did not contain a proper attachment mechanism.

6.    A reasonable manufacturer, designer, seller, wholesaler, or distributor, in similar circumstances would have warned of the dangers or instructed on safe use of the SUBJECT PRODUCT.

5

PLAINTIFF'S COMPLAINT

7.    On or about December 8, 2024, Plaintiff placed the SUBJECT PRODUCT on top of his Christmas Tree in a foreseeable manner and for reasonably foreseeable purposes.

8.    Defendants failed to implement a safer alternative or conduct any testing or safety precautions on Christmas toppers that have an inherent risk of being heavy weighted and fail to attach to Christmas trees properly.

9.    Defendant knew of the risk that the SUBJECT PRODUCT failed to contain a proper latching mechanism and knowingly failed to take steps to design and manufacture a safer Christmas tree topper and/or warn users of such known risks. Defendants placed profit over safety and knowingly decided to forego safer designs because of decisions to cut corners and costs.

10.    As a direct and proximate result of the tortious or wrongful conduct of Defendant, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, as well as of the Defendant's tortious failure to warn users of this dangerous condition, the SUBJECT PRODUCT seriously injured Plaintiff during reasonably foreseeable use, thus causing his to sustain severe, and substantial, injuries both physically and emotionally. As a further direct and proximate result of the Defendants' acts alleged in this Complaint, Plaintiff has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

**SECOND CAUSE OF ACTION**

**STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT**

**(By Plaintiff Against all Defendants)**

1.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

2.    Defendant manufactured the SUBJECT PRODUCT.

3.    Plaintiff is informed and believes, and thereupon alleges, the SUBJECT PRODUCT contained a manufacturing defect when it left Defendant's possession. Namely, the clip on the SUBJECT PRODUCT left the possession of Defendant in a manner not originally

6

PLAINTIFF'S COMPLAINT

intended, such that the clip contained a defect that deviated from the original design of the SUBJECT PRODUCT.

4.     The SUBJECT PRODUCT's clip became detached for the top of the Christmas Tree on the date of the subject incident, causing severe injuries to Plaintiff's face.

5.     As a direct and proximate result of the tortious or wrongful conduct of Defendant, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, the SUBJECT PRODUCT seriously injured Plaintiff during reasonably foreseeable use, thus causing Plaintiff to sustain severe, and substantial, injuries both physically and emotionally. As a further direct and proximate result of the Defendants' acts alleged in this Complaint, Plaintiff has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

### THIRD CAUSE OF ACTION
### STRICT PRODUCTS LIABILITY – DESIGN DEFECT
(By Plaintiff Against all Defendants)

1.     Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

2.     Defendant and DOES 1 through 10, inclusive were engaged in the business of designing, manufacturing, testing, inspecting, repairing, modifying, servicing, distributing, wholesaling, importing, preparing for sale, and retailing, home goods, including, but not limited to, the SUBJECT PRODUCT that Plaintiff used, and all of its respective component parts, which was involved in the incident upon which this lawsuit is based which legally and proximately caused the injuries and damages to Plaintiff as alleged in this Complaint.

3.     The SUBJECT PRODUCT was defectively designed because it failed to perform as safely as an ordinary use would expect it to perform.  Namely, Plaintiff, an ordinary user, did not expect the attachment clip to fall off the top of a Christmas Tree and related components in the course of the reasonably foreseeable use/misuse of the Christmas tree topper.

4.     An ordinary user, such as Plaintiff, would not have recognized the potential risks and dangers inherent in the SUBJECT PRODUCT.

PLAINTIFF'S COMPLAINT

5.    Defendant failed to implement a safer alternative or conduct any testing or safety precautions on Christmas tree toppers that have an inherent risk of become detached from the top of a tree and suddenly falling off due to its heavy weight. Defendant knew of the risk that the clip of of the topper could not sustain the weight of the star and knowingly failed to take steps to design and manufacture a safer topper and/or warn users of such known risks. Defendants placed profit over safety and knowingly decided to forego safer designs because of decisions to cut corners and costs.

6.    The SUBJECT PRODUCT did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way. When Plaintiff placed the SUBJECT PRODUCT on top of the Christmas tree, Plaintiff reasonably expected that the SUBJECT PRODUCT would remain intact.

7.    As a result of the SUBJECT PRODUCT being heavy in weight and lacking a secure attaching clip, the SUBJECT PRODUCT fell off the top of the Christmas Tree, and landed on Plaintiff's face.

8.    The SUBJECT PRODUCT's failure to contain a attachment feature, coupled with the heavy weight of the object, was a substantial factor in causing Plaintiff's harm.

## FOURTH CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY – FAILURE TO WARN
### (By Plaintiff Against all Defendants)

1.    The SUBJECT PRODUCT's failure to contain a attachment feature, coupled with the heavy weight of the object, was a substantial factor in causing Plaintiff's harm.

2.    Defendants manufactured, distributed, and/or sold the SUBJECT PRODUCT.

3.    The SUBJECT PRODUCT had potential risks that were known by Defendants as the designers and manufacturers of the SUBJECT PRODUCT.

4.    Namely, the SUBJECT PRODUCT was known to experience a defect wherein the topper was not capable of staying attached to a Christmas tree in the course of the foreseeable use of the SUBJECT PRODUCT, which posed a serious threat of injury to consumers such as Plaintiff.

5.    Theese risks presented danger of injury to all users of the Christmas tree topper.

8

6.      Defendant failed to warn and/or adequately warn users about the aforementioned known dangers and risks with the SUBJECT PRODUCT.

7.      Ordinary consumers such as plaintiff did not and could not recognize the potential risks associated with the SUBJECT PRODUCT's defective clip and related components. Plaintiff was merely an average citizen who was looking forward to celebrating Christmas with his family when the topper suddenly fell off the tree and turned his life upside down.

8.      Defendant's failure to warn and/or adequately warn users such as Plaintiff about the known risks and defects and dangers in the SUBJECT PRODUCT directly caused the subject incident and plaintiff's injuries.

## FIFTH CAUSE OF ACTION

### NEGLIGENCE

### (By Plaintiff Against all Defendants)

1.      Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

2.      The Defendant has a legal duty to ensure that all vehicles it manufactures, sells, repairs, services, maintains, and/or puts into the stream of commerce are safe, and free from substantial defect. Additionally, the Defendant has a legal duty to ensure that all Christmas tree toppers are inspected, prior to sale and/or transfer, to ensure that they are not prone to falling and/or having clip become unlatched. Moreover, Defendant has a legal duty to ensure that the home goods it sells, manufactures, designs, transfers, or sells, is not subject to causing harm to potential users.

3.      The Defendant breached all aforementioned legal duties in that they serviced, sold, manufactured, designed, and/or transferred the SUBJECT PRODUCT to Plaintiff, despite the fact that it was a public safety hazard.

4.      Plaintiff claims that the SUBJECT PRODUCT lacked sufficient warning of potential risks. Plaintiff proves this claim as follows: (1) Defendant manufactured, distributed, sold the SUBJECT PRODUCT; (2) The SUBJECT PRODUCT had potential risks that were known at the time of manufacture, distribution and sale; (3) The potential risks presented a

9

PLAINTIFF'S COMPLAINT

substantial danger when the SUBJECT PRODUCT is used or misused in an intended or reasonably foreseeable way; (4) The ordinary consumers would not have recognized the potential risks; (5) Defendant failed to adequately warn or instruction of the potential risks; (6) Plaintiff was harmed; and (7) The lack of sufficient warnings was a substantial factor in causing Plaintiff's harm.

5. As a direct and proximate result of the tortious or wrongful conduct of Defendant, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, as well as of the Defendant's tortious failure to warn users of this dangerous condition, the SUBJECT PRODUCT seriously injured Plaintiff during reasonably foreseeable use, thus causing his to sustain severe, and substantial, injuries both physically and emotionally. As a further direct and proximate result of the Defendants' acts alleged in this Complaint, Plaintiff has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff KEVIN SMITH, requests judgment against Defendant and DOES 1 to 50, and each of them, on all causes of action, for the following:

1. special damages according to proof;

2. compensatory damages according to proof;

3. emotional distress;

4. prejudgment interest;

5. costs of suit; and

6. any other and further relief that the court considers proper.

Dated: April 24, 2025                    THE LAW OFFICE OF ALEX FARZAN

By: _____
Alex Farzan, Esq.
Attorneys for Plaintiff,
KEVIN SMITH

10

PLAINTIFF'S COMPLAINT

## REQUEST FOR JURY TRIAL

Plaintiff demands a jury to try all claims triable by a jury.

Dated: April 24, 2025                     **THE LAW OFFICE OF ALEX FARZAN**

By: _____
                                          Alex Farzan, Esq.
                                          Attorneys for Plaintiff,
                                          KEVIN SMITH

---

11

PLAINTIFF'S COMPLAINT